In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-1972

CHRIS A. MARTIN,

*Plaintiff-Appellant,*

*v.*

KILOLO KIJAKAZI,

Acting Commissioner of Social Security,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:21-cv-00001-MG-SEB — **Mario Garcia**, *Magistrate Judge.*

_____

ARGUED FEBRUARY 7, 2023 — DECIDED DECEMBER 19, 2023

_____

Before HAMILTON, BRENNAN, and JACKSON-AKIWUMI,
*Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff-appellant Chris Martin
hurt his back at work in June 2016 and stopped working. He
did not seek medical attention for the injury until February
2018. He applied for Social Security disability benefits. After
a hearing, an administrative law judge for the Social Security
Administration found that as of February 2018, Martin was

disabled under the Social Security Act's stringent definition. See 42 U.S.C. § 423(d). Based on that disability finding, Martin was awarded supplemental security income. He was denied more generous disability insurance benefits, however, because his insured status for those benefits had expired on December 31, 2017, about five weeks before he was found to have been disabled.

Martin has appealed. He argues that the ALJ should have consulted an additional medical expert to try to determine whether he was disabled earlier, before his insured status lapsed. As explained below, Social Security Ruling 18–01p gives an ALJ discretion to decide whether to consult an additional medical expert to answer that question. We agree with the district court that this ALJ did not abuse her discretion in deciding not to consult another medical expert here. We affirm the denial of disability insurance benefits.

I.  *Factual and Procedural Background*

While lifting a heavy bag at work in June 2016, plaintiff-appellant Chris A. Martin injured his back. Martin stopped working, but he did not see a doctor for more than a year and a half, finding relief in the meantime from several self-help measures. He first saw a doctor for the injury on February 5, 2018. In May 2018, he was diagnosed by medical imaging as having a spine disorder. Later that year, Martin applied for supplemental security income benefits and disability insurance benefits under Titles II and XVI of the Social Security Act. He asserted that he had become disabled back in June 2016. After two initial denials, Martin's case was heard before an administrative law judge.

At the hearing, Martin testified that after his 2016 injury but before early 2018, he was able to "baby" his back. He would stop whatever he was doing to avoid "tweak[ing]" his back. He would lie in bed to avoid putting pressure on his body. He would use hot and cold treatments to ease his pain. Slowly but surely, he said, he got "a little better." Martin testified that he was doing "normal everyday stuff" and was "back to walking two miles a day." But in early 2018, his back pain suddenly became worse. He visited a doctor while using a wheelchair and wearing a back brace. A few months later, medical imaging showed he had a spine disorder. He applied for disability benefits later that year.

Martin asserts that he became disabled as of June 2016, but he provided the ALJ no medical evidence indicating he was disabled earlier than his first doctor's appointment in February 2018. The ALJ did not consult an additional medical expert to determine whether Martin might have become disabled at an earlier time, particularly while he was still insured for purposes of disability insurance benefits.

The ALJ's ruling was partially favorable and partially unfavorable for Martin. The favorable part was that Martin was disabled as of February 5, 2018, the date he first saw a doctor about his back, albeit three months before the imaging used to diagnose his spine disorder. This finding made Martin eligible for supplemental security income. In the unfavorable portion, the ALJ denied Martin's application for disability insurance benefits, in part because objective medical evidence did not support a disability onset date before his date last insured, which was December 31, 2017. See 42 U.S.C. § 423(c) (criteria for insured status).

The ALJ considered Martin's testimony about his pain before the first doctor's appointment. The ALJ ultimately found, however, that Martin's evidence did not support an earlier disability onset date. The ALJ wrote that Martin's symptoms had improved in 2016 and that the record was "void of documentation of any medical treatment" prior to 2018.

On appeal by Martin, the Social Security Appeals Council affirmed the ALJ's decision. Martin then sought judicial review in the district court. He argued that the ALJ erred by failing to consult an additional medical expert to interpret medical evidence and by ignoring Martin's testimony about his symptoms. Presiding with the consent of the parties under 28 U.S.C. § 636(c), Magistrate Judge Garcia affirmed the partial denial of benefits. The court reasoned that Social Security Ruling 18–01p did not require the ALJ to call an additional medical expert. The court noted that the ALJ had specifically addressed Martin's testimony about his symptoms but had ultimately found he had not proven an earlier disability onset date. Martin has appealed, arguing that the ALJ erred by not consulting an additional medical expert and not crediting his testimony about his past symptoms.

II.  *Analysis*

A.  *Standard of Review*

On judicial review of a disability benefit decision, district courts and we apply the same deferential standard of review. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). We will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence. *Id.*; see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive….”). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *Biestek v. Berryhill*, 587 U.S. —, —, 139 S. Ct. 1148, 1154 (2019). The ALJ need not address every piece of evidence, but she must build an accurate and logical bridge from the evidence to her conclusion. E.g., *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

B. *The ALJ’s Discretion to Consult a Medical Expert Under SSR 18–01p*

The ALJ found Martin was not disabled before February 5, 2018 in substantial part because no objective medical evidence tended to show that he had a medically determinable impairment before that date. Martin argues that the ALJ should have sought another medical opinion to help determine when he became disabled. This issue in Martin’s case is governed by SSR 18–01p, which took effect on October 2, 2018. Under that ruling, an ALJ may, but is not required to, consult a medical expert to determine whether the claimant became disabled before the dates of his earliest relevant medical records. This much is clear from both the text and the history of the ruling.

Before 2018, a prior ruling instructed ALJs how to determine the disability onset date. See SSR 83–20, 1983 WL 31249 (1983). If a claimant was found disabled but there was no medical evidence as to the precise onset date, and if the disabling impairment seemed to have occurred before the date of the first recorded medical examination, the ALJ was encouraged to “‘call on the services of a medical advisor’ to help in making the necessary inferences.” *Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987), citing SSR 83–20, 1983 WL 31249 at *3.

In 2018, however, that aspect of SSR 83–20 was replaced by SSR 18–01p, which took immediate effect. 83 Fed. Reg. 49613-01 (Oct. 2, 2018). Under SSR 18–01p, an ALJ is permitted to consult a medical expert to infer an earlier disability onset date: "if the ALJ needs to infer the date that the claimant first met the statutory definition of disability, he or she *may* call on the services" of a medical expert. *Id.* at 49615 (emphasis added). An ALJ is *not* required to do so, however: "Neither the claimant nor his or her representative can require an ALJ to call on the services of [a medical expert] to assist in inferring the date that the claimant first met the statutory definition of disability." *Id.* at 49616. The decision to consult a medical expert is "always at the ALJ's discretion." *Id*. Because SSR 18–01p applies to Martin's case, the ALJ did not err by not consulting an additional medical expert.[1]

Martin also argues that the ALJ erred by discounting his symptoms predating his relationship with his primary care physician, again citing SSR 18–01p. The ruling explains that the "date [an ALJ] find[s] that the claimant first met the statutory definition of disability may predate the claimant's … earliest medical records." SSR 18–01p, 83 Fed. Reg. at 49615. Martin points out correctly that, as long as objective medical evidence supports a finding of disability and the onset date cannot reasonably be inferred with medical evidence alone, an ALJ may consider non-medical sources. This is so even if additional medical evidence does not exist, was never created, or was destroyed. SSR 18–01p, 83 Fed. Reg. at 49615; see 20 C.F.R. § 404.1513(a)(4) (agency may consider evidence from

---

[1] The Ninth Circuit took a similar view of SSR 18–01p in a non-precedential order, *Hester v. Kijakazi*, 2022 WL 12325226 at \*1 (9th Cir. Oct. 21, 2022).

non-medical sources). Thus, Martin contends, the ALJ had discretion to assign greater weight to his symptoms, and he argues she made a legal error by believing she did *not* have such discretion.

We agree that the ALJ had that discretion, but we see no evidence that this ALJ misunderstood her legal power or discretion. In addition, this is not a case "where the claimant was undoubtedly disabled for some substantial period of time before he sought medical attention" and the ALJ refused to consider other evidence. See *Pugh v. Bowen*, 870 F.2d 1271, 1278 (7th Cir. 1989) (affirming denial of benefits), citing *Lichter*, 814 F.2d at 434–35 (relying on earlier SSR 83–20 and reversing denial of benefits). The ALJ considered Martin's allegations of pain supporting an earlier onset date but found that an earlier date was not supported by the medical evidence.

The ALJ acknowledged Martin's testimony that he had hurt his back in 2016. The ALJ then compared his testimony with his failure to seek treatment because he had been feeling better. See SSR 16–3p, 82 Fed. Reg. 49462, 49466 (Oct. 25, 2017) (ALJ may consider whether a person's symptoms were not "severe enough to prompt him … to seek treatment, or the symptoms [were] relieved with over the counter medications"). The ALJ compared Martin's symptoms with the lack of earlier medical evidence substantiating a medically determinable impairment. See SSR 16-3p, 82 Fed. Reg. at 49464 (ALJ must consider whether applicant's symptoms are "consistent with the medical signs and laboratory findings of record").[2]

---

[2] Martin also argues that the ALJ erred by implicitly rejecting the opinions of agency consulting physicians on the theory that they implied he

At bottom, Martin argues that the ALJ abused her discretion by misunderstanding and misapplying SSR 18–01p. We see no indication of such a legal error. See *Pugh*, 870 F.2d at 1274, 1278–79 (affirming denial of benefits even though ALJ did not refer to SSR 83–20 but "nevertheless conducted the requisite analysis"). The issue before us is "whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported." *Id.* The onset date found by the ALJ certainly had substantial evidence supporting it. And under SSR 18–01p, the ALJ was not required to keep digging for further evidence to support an earlier onset date, particularly in light of the evidence that Martin's condition had improved or was managed by self-help during 2017. Accordingly, the ALJ did not act contrary to law or abuse her discretion by declining to have a medical expert explore further the onset date of Martin's disability.

The judgment of the district court is

AFFIRMED.

---

had been restricted to light work before 2018. The consulting physicians did not try to determine Martin's past condition. They reported Martin's "current evaluation." Those current evaluations noted there were no retrospective medical opinions available. The ALJ did not "play doctor" by comparing current test results with earlier treatment records. No earlier treatment records were available at all. Cf. *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (vacating denial of benefits where ALJ interpreted MRI results without expert medical testimony). In any event, the ALJ discussed these prior medical findings in deciding that Martin was disabled as of February 2018.